**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

THE STATE OF MISSOURI,
*et al.*

        *Plaintiffs*,

   v.                              No. 4:21-cv-01300-DDN

JOSEPH R. BIDEN, JR.;
*et al.*

        *Defendants*.

## PLAINTIFFS' MOTION FOR EXPEDITED BRIEFING AND CONSIDERATION OF THEIR MOTION FOR PRELIMINARY INJUNCTION

Plaintiff States respectfully request this Court to order expedited briefing and consideration of their motion for a preliminary injunction. To ensure effective relief and to maintain the status quo, Plaintiff States request that this Court issue its preliminary injunction ruling by November 24, 2021, which is the date by which individuals subject to the federal contractor vaccine mandate must effectively comply with the mandate. In order to meet that deadline, and to provide the Court full briefing on the issues, the Plaintiffs propose the following expedited briefing schedule and page limits pursuant to Local Rule 4.01:

- Defendants' opposition, not to exceed 55 pages, due November 15, 2021.

- Plaintiff States' Reply, not to exceed 20 pages, due November 18, 2021.

- A hearing, if the Court deems it necessary, on November 19, 22, 23, or 24.

Plaintiff States have met and conferred with Defendants, who do not consent to this request. Defendants intend to respond to this motion by tomorrow.

**ARGUMENT**

This case involves a challenge by 10 states (the Plaintiff States) to the federal government's sweeping requirement that federal contractors ensure that subcontractors and any employee who is even remotely connected to a federal contract—including those merely walking past an employee working on a federal contract—be fully vaccinated against COVID-19 by December 8, 2021. The contractor vaccine mandate is embodied in a "guidance" document issued by the Safer Federal Workforce Task Force (the Task Force) entitled *COVID-19 Workplace Safety: Guidance for Federal Contractors and Subcontractors*. *See generally* Ex. B, ECF No. 9-2.[1]

The contractor vaccine mandate will impose several species of concrete harms on the Plaintiff States in their sovereign, quasi-sovereign, and proprietary capacities. So the Plaintiff States filed the complaint in this case on October 29, 2021. *See* ECF No. 1. They filed their preliminary injunction motion on November 4, 2021. *See* ECF No. 8. Those filings occurred after the unprecedented scope of contractor vaccine mandate became clear. During recent weeks, the federal government informed a number of agencies and political subdivisions of the Plaintiff States that they would be subject to the contractor vaccine mandate, making clear to Plaintiff States that they must take action. *See*, *e.g.*, Exs. H, I, L, O.

In their preliminary injunction motion, the Plaintiff States requested a ruling by November 24, 2021. That was because the current guidance requires that employees subject to the mandate be "fully vaccinated no later than December 8, 2021." Ex. B, at 5. Because the Guidance says that workers are fully vaccinated "two weeks after" they complete their vaccination regimen, *see id.* at 2, a ruling by November 24, 2021—that is, two weeks before the December 8 deadline—is

---

[1] Unless otherwise noted, all references are to exhibits to the Plaintiffs' Memorandum in Support of Motion for Preliminary Injunction, ECF Nos. 9-1 through 9-15.

necessary to ensure that the Plaintiff States can receive effective relief if they succeed on the merits.[2]

Absent preliminary relief before November 24th, contractors—including agencies and political subdivisions of the Plaintiff States—will have to demand that covered employees be vaccinated or adjudicate numerous exceptions—possibly in violation of state laws, *see* ECF No. 9, at 38–39 (providing examples of preempted laws the mandate may violate), as well as take expensive steps to segregate unvaccinated employees from vaccinated ones.   Furthermore, employees will have to decide to stay and be vaccinated—possibly contrary to what they would do if their job wasn't on the line—or quit or seek an exemption which may or may not be granted. Those are harms that are incredibly difficult, if not possible, to undo and strike straight at the interests the Plaintiff States seek to vindicate with this suit.  Indeed, certain harms are *currently* ongoing.  For example, the vaccine contractor mandate purports to preempt state law.  *See* Ex. B, at 13.  Thus, there are present, ongoing harms that preliminary relief would ameliorate.

For those reasons, there is good cause for the Plaintiff States' request for a ruling by November 24, 2021.  *See, e.g., Navigare Cruise Partners, LLC v. Lazaroff*, 2021 WL 4168207, at *3 (E.D. Mo. Sept. 14, 2021) ("The primary function of a preliminary injunction is to preserve the status quo until, upon final hearing, a court may grant full, effective relief.") (emphasis omitted)

---

[2] The White House issued a "Fact Sheet" on November 4, 2021, ostensibly changing the compliance date to January 4, 2022, but this "Fact Sheet" does not change the current, legally binding deadline to comply with the contractor vaccine mandate.  *See Fact Sheet: Biden Administration Announces Details of Two Major Vaccination Policies*, The White House (Nov 4, 2021), https://www.whitehouse.gov/briefing-room/statements-releases/2021/11/04/fact-sheet-biden-administration-announces-details-of-two-major-vaccination-policies/.   Only changes the Task Force makes, and which OMB approves, are legally binding.  *See* Ex. B, at 12–13; *see also* Exec. Order No. 14042, § 2(a) (Ex. A).  Moreover, the practical value of the delay is minimal. Vaccination takes weeks, a fact that the holidays complicate.  And employers will need time to ensure compliance—for example, by adjudicating exemptions, *see* Ex. B, at 9–10, or by determining who must be vaccinated or segregated, *see id.* at 10–11.

(quoting *Kan. City S. Transp. Co. v. Teamsters Local Union #41*, 126 F.3d 1059, 1066 (8th Cir. 1997) (quoting another source)).  And thus there is good cause to order expedited briefing.  The schedule the Plaintiff States propose here would allow full ventilation of the numerous, complex issues involved, give the Court time to carefully consider them, and allow for a ruling by November 24, 2021, thus ensuring that the Plaintiff States can receive effective relief if they succeed on the merits.  *See* Local Rule 4.01(D) (allowing the Court to set a briefing schedule); *Thomas v. Lombardi*, 2013 WL 3243655, at *2 (E.D. Mo. June 26, 2013).  Finally, there is no reason to believe that the Defendants could not meet those deadlines.  Indeed, the Fifth Circuit, in a related context, noted the "grave statutory and constitutional issues" with vaccine mandates, like this one, and gave the government only two days in which to respond.  *BST Holdings, LLC v. OSHA*, 2021 WL 5166656, at *1 (5th Cir. Nov. 6, 2021).

## CONCLUSION

For those reasons, the Plaintiff States respectfully request that the Court, pursuant to Local Rule 4.01, order that:

- Defendants file their opposition, not to exceed 55 pages, by Monday, November 15, 2021.

- Plaintiff States file their reply, not to exceed 20 pages, by Thursday, November 18, 2021.

If the Court determines that a hearing is necessary, Plaintiff States can appear on November 19, 22, 23, or 24.

Dated: November 9, 2021

Respectfully submitted,

**DOUGLAS J. PETERSON**
**Attorney General of Nebraska**

*/s/ James A. Campbell*
James A. Campbell
   *Solicitor General of Nebraska*
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
(402) 471-2686
Jim.Campbell@nebraska.gov
*Counsel for Plaintiffs*

**ERIC S. SCHMITT**
**Attorney General of Missouri**

*/s/ Justin D. Smith*
Justin D. Smith, #63253MO
   *Deputy Attorney General of Missouri*
Michael E. Talent, #322220CA
   *Deputy Solicitor General*
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
(573) 751-0304
Justin.Smith@ago.mo.gov
*Counsel for Plaintiffs*

**TREG R. TAYLOR**
**Attorney General of Alaska**
*/s/ Cori Mills*
Cori M. Mills
   *Deputy Attorney General of Alaska*
Alaska Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501-1994
(907) 269-5100
Cori.Mills@alaska.gov
*Counsel for State of Alaska*

**LESLIE RUTLEDGE**
**Arkansas Attorney General**
*/s/ Vincent M. Wagner*
Vincent M. Wagner
Deputy Solicitor General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas  72201
(501) 682-8090
vincent.wagner@arkansasag.gov

5

JEFFREY S. THOMPSON
Solicitor General
*Samuel P. Langholz*
SAMUEL P. LANGHOLZ
Assistant Solicitor General
Office of the Iowa Attorney General
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 281-5164
(515) 281-4209 (fax)
jeffrey.thompson@ag.iowa.gov
sam.langholz@ag.iowa.gov
*Counsel for State of Iowa*

**AUSTIN KNUDSEN**
**Attorney General of Montana**
KRISTIN HANSEN
Lieutenant General
*David M.S. Dewhirst*
DAVID M.S. DEWHIRST
Solicitor General
CHRISTIAN B. CORRIGAN
Assistant Solicitor General
Office of the Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
406-444-2026
David.Dewhirst@mt.gov
Christian.Corrigan@mt.gov
*Counsel for State of Montana*

**JOHN M. FORMELLA**
**New Hampshire Attorney General**
*/s/ Anthony J. Galdieri*
Anthony J. Galdieri
Solicitor General
NEW HAMPSHIRE DEPARTMENT OF JUSTICE
33 Capitol Street
Concord, NH 03301
Tel: (603) 271-3658
Anthony.J.Galdieri@doj.nh.gov
*Counsel for State of New Hampshire*

6

**WAYNE STENEHJEM**
**Attorney General of North Dakota**
*/s/ Matthew A. Sagsveen*
Matthew A. Sagsveen
Solicitor General
State Bar ID No. 05613
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Telephone (701) 328-3640
Facsimile (701) 328-4300
masagsve@nd.gov
*Counsel for State of North Dakota*

**JASON R. RAVNSBORG**
**South Dakota Attorney General**
*/s/ David M. McVey*
David M. McVey
Assistant Attorney General
1302 E. Highway 14, Suite 1
Pierre, SD  57501-8501
Phone: 605-773-3215
E-Mail: david.mcvey@state.sd.us
*Counsel for State of South Dakota*

**BRIDGET HILL**
  **Wyoming Attorney General**
*/s/ Ryan Schelhaas*
Ryan Schelhaas
  Chief Deputy Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Telephone: (307) 777-5786
ryan.schelhaas@wyo.gov
*Attorneys for the State of Wyoming*

7

## CERTIFICATE OF SERVICE

I hereby certify that, on November 9, 2021, a true and correct copy of the foregoing and any attachments were filed electronically through the Court's CM/ECF system, to be served on counsel for all parties by operation of the Court's electronic filing system and to be served on those parties that have not appeared who will be served in accordance with the Federal Rules of Civil Procedure by mail or other means agreed to by the party.

*/s/ Justin D. Smith*
