UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| THE STATE OF MISSOURI, et al. | ) |
| --- | --- |
| Plaintiffs, | ) |
| v. | ) Case No. 1:21-cv-1300 |
| JOSEPH R. BIDEN in his official capacity as President of the United States, et al. | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO EXPEDITE BRIEFING**

Defendants hereby oppose Plaintiffs' motion to expedite briefing in this case. ECF 10. Plaintiffs' proposed, expedited schedule unnecessarily truncates Defendants' time to respond to Plaintiffs' motion for a preliminary injunction. As Plaintiffs themselves note, they raise "numerous, complex issues" for resolution, in 12 claims. *Id.* at 4; *see also* Pls.' Mot. to Exceed Page Limitation, ECF No. 7 ("The issues raised in the Plaintiff States' motion for preliminary injunction are complex and significant."). Moreover, the federal government has recently taken action that may moot or, at minimum, materially alter the scope of, Plaintiffs' claims while simultaneously implementing a six-week extension for employees of federal contractors to receive their COVID-19 vaccines. Therefore, and in light of the federal government's recent action, the appropriate next step is for Plaintiffs to review their claims and determine whether they intend to proceed with this lawsuit. To the extent Plaintiffs still wish to proceed, any claims they may bring should address the federal government's updated policy. There is certainly no reason to rush preliminary injunction briefing on the federal government's prior policy that has now been superseded.

1

Plaintiffs' claims concern the federal government's requirement that certain federal contractor employees receive COVID-19 vaccines and adhere to other public safety protocols. These requirements are intended to slow the spread of COVID-19 and to prevent disruptions in the provision of government services by federal contractors. Executive Order 14042 directed federal executive departments and agencies, "to the extent permitted by law," to include in qualifying contracts a clause requiring compliance with workplace safety guidance issued by the Safer Federal Workforce Task Force (Task Force). 86 Fed. Reg. at 50,985; *see also id*. at 50,986–50,987 (listing the categories of contracts to which the EO applies). The Executive Order delegates to the Director of the Office of Management and Budget (OMB) the President's statutory authority to determine whether the Task Force's guidance "will promote economy and efficiency in Federal contracting if adhered to by Government contractors and subcontractors." *Id*. at 50,985-50,986 (citing 3 U.S.C. § 301). On September 24, 2021, the Director of OMB determined that the Task Force Guidance will promote economy and efficiency in federal contracting. *See* 86 Fed. Reg. 53,691–53,692. Plaintiffs' motion for a preliminary injunction challenges this determination. *See* Pls.' Mot. for Prelim. Inj., ECF Nos. 8, 9.

Earlier today, OMB submitted a notice for publication in the Federal Register entitled "Determination of the Acting OMB Director Regarding the Revised Safer Federal Workforce Task Force Guidance and the Revised Economy & Efficiency Analysis Pursuant to Executive Order No. 14042." https://www.federalregister.gov/public-inspection/2021-24949/determination-regarding-the-revised-safer-federal-workforce-task-force-guidance-for-federal (last accessed Nov. 10, 2021). OMB's new determination both incorporates revised Task Force Guidance and includes additional analysis to elaborate on the substance of the OMB Director's determination.

That determination has been accepted for filing by the Federal Register and is now legally binding.

The Revised Guidance formally extends the vaccination deadline for covered Federal contractors and subcontractors from December 8, 2021 to January 18, 2022—aligning that deadline with the Department of Labor's Occupational Safety and Health Administration Emergency Temporary Standard and the Centers for Medicare and Medicaid's rule.[1] In other words, to comply with this deadline, a covered employee of a federal contractor would need to receive a single-shot of the Johnson & Johnson vaccine, or a second shot of the Pfizer or Moderna vaccines, by January 4, 2022. While Plaintiffs allege in conclusory fashion that "the holidays" negate the effect of the extension, Pls.' Mot. to Expedite at 3 n.2, that is plainly incorrect—nothing bars contractor employees from being vaccinated in late December, or even choosing to get their one-and-only dose of the Johnson & Johnson vaccine in early January. This significant extension alone justifies the denial of Plaintiffs' motion for expedited briefing—to the extent Plaintiffs' motion for a preliminary injunction is still even relevant in light of the substantive changes reflected in the new Determination.

The revised Determination makes several other changes material to this litigation. For example, the new Determination explains that, although not subject to the procedural requirements in 41 U.S.C. § 1707, it nevertheless complies with those requirements. The new Determination also provides additional economy-and-efficiency analysis underlying the OMB

---

[1] While plaintiffs correctly note that "[o]nly changes the Task Force makes, and which OMB approves, are legally binding," *see* Pls.' Mot. For Expedited Briefing at 3 n.2, the Revised Guidance is consistent with the White House's November 4, 2021 statement indicating that the deadlines would be revised. The White House, Fact Sheet: Biden Administration Announces Details of Two Major Vaccination Policies, https://www.whitehouse.gov/briefing-room/statements-releases/2021/11/04/fact-sheet-biden-administration-announces-details-of-two-major-vaccination-policies/ (last accessed Nov. 10, 2021).

Director's Determination. OMB Director's new Determination rescinds and supersedes the prior Determination and may therefore moot or narrow the scope of several claims brought by Plaintiffs.

OMB's transmittal of a new Determination on the Task Force Guidance, the weighty statutory and constitutional issues at play, and the recent six-week extension of time for covered contractor employees to be fully vaccinated all counsel in favor of denying Plaintiffs' motion to expedite briefing. Instead, Plaintiffs should decide whether and to what extent they wish to proceed with any revised claims.[2]

Dated: November 10, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRAD P. ROSENBERG
Assistant Branch Director

/s/ *Vinita B. Andrapalliyal*
VINITA B. ANDRAPALLIYAL
ZACH A. AVALLONE
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-0845
Fax: (202) 616-8470
E-mail: vinita.b.andrapalliyal@usdoj.gov

*Attorneys for Defendants*

---

[2] Should this Court elect to proceed with preliminary-injunction briefing, Defendants agree with the page limits proposed by Plaintiffs.