IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE STATE OF MISSOURI, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> JOSEPH R. BIDEN, JR.; *et al.* <br><br> *Defendants*. | No. 4:21-cv-01300-DDN |

**PLAINTIFFS' REPLY IN SUPPORT
OF MOTION FOR EXPEDITED BRIEFING**

Nothing in the Defendants' opposition justifies denying the Plaintiff States' motion for expedited briefing.

Defendants focus on the fact that OMB has approved an extension of the deadline for covered employees to be fully vaccinated to January 18, 2022. *See* ECF No. 12, at 3. To start, the Government's published guidance on this point is confusing and self-contradictory. Under EO 14042, Task Force Guidance regarding contractor vaccine mandates is binding only after the OMB Director "approves the [Guidance] and determines that the Guidance … will promote economy and efficiency in Federal contracting." § 2(a). The ostensibly "new" Guidance on the Task Force's website requires that "[c]overed contractor employees must be fully vaccinated no later than January 18, ***2021***." Safer Fed. Workforce Task Force, *COVID-19 Workplace Safety: Guidance for Federal Contractors and Subcontractors* 5 (updated Nov. 10, 2021), https://bit.ly/3c3q4pk (emphasis added). But the OMB document to which Defendants link says, purportedly quoting from the "revised Guidance," that "[c]overed contractor employees must be fully vaccinated no later than January 18, ***2022.***" OMB, Determination of the Acting OMB Director Regarding the

1

Revised Safer Federal Workforce Task Force Guidance and the Revised Economy & Efficiency Analysis Pursuant to Executive Order No. 14042, at 2, 9 (last accessed Nov. 11, 2021), https://public-inspection.federalregister.gov/2021-24949.pdf (emphasis added) [hereinafter "OMB Determination"]. The discrepancy in dates, a key feature of the Guidance, suggests that the OMB has *not* approved the Task Force's Guidance (which has the 2021 date), and the discrepancy is sure to promote widespread confusion.

It is also doubtful that the Defendants' six-week grace period provides all that much grace. All the new deadline does is extend the mandate's final deadline past the holidays. But it takes several weeks to become fully vaccinated under the most common (mRNA) vaccines—there is a three-week (Pfizer) or four-week (Moderna) waiting period between the first and second shots, and then a two-week interval between the second shot and fully vaccinated status. *See COVID-19 Vaccines That Require 2 Shots*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/second-shot.html. Employees taking the Pfizer vaccine will thus have to start the course of vaccination by no later than December 14, and employees taking the Moderna vaccine will have to start the course of vaccination by no later than December 7. All this means that working families will have to start making painful decisions about their economic futures—including cutting back on holiday spending and looking for new employment if necessary—long *before* the holidays. Those decisions will also affect employers immediately. That is not a "conclusory" observation. ECF No. 12, at 3. That is a matter of common sense.

Most importantly, the Defendants' change to the compliance date highlights the *need* for expedited briefing, as Defendants are seeking to unlawfully move the goalposts during litigation. The change in compliance date is the *only* substantive policy change between the mandate the Plaintiff States originally challenged and the so-called "new Determination." ECF 12, at 4. In all

other respects, the mandate is the same. Yet the new OMB decision contains an attempt to provide a brand-new *justification* of why the agency approved, on economy and efficiency grounds, the contractor vaccine mandate and fills procedural gaps it had initially left unaddressed. *See* OMB Determination, *supra*, at 14–20, 21–27. The new decision thus merely provides a new rationalization for the same policy to replace the entirely conclusory rationalization that the Task Force and OMB first provided. To put it another way, OMB's substantive discussion doesn't justify the change in compliance date; it purports to provide a new justification for the *initial* decision to approve the Task Force's vaccine mandate. *See also* ECF No. 12, at 3–4 (saying it "provides additional" analysis).

That is manifestly unlawful, because this new justification (adopted under litigation) is merely a *post hoc* rationalization that "upset[s] 'the orderly functioning of the process of review,' forcing both litigants and courts to chase a moving target." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1909 (2020) (citation omitted). And while the target moves, Defendants are able to use the threat of the mandate to coerce compliance, and thus harm the weighty interests that caused the Plaintiff States to bring this suit. That is why it is a "foundational principle of administrative law" to reject such "impermissible *post hoc* rationalizations." *Id.* (citations omitted). If Defendants had reasons to justify imposing their mandate on one-fifth of the U.S. workforce, the law obliged them to state those reasons *when they adopted the policy*— not after the Plaintiff States sued to challenge the policy. *See id.*; *see also*, *e.g.*, *Asbestos Info. Ass'n/N. Am. v. Occupational Safety & Health Admin.*, 727 F.2d 415, 422 (5th Cir. 1984) (holding that "*post hoc* rationalizations cannot be accepted as a basis for our review"). Defendants' attempts to move the goalposts while this case is pending call for *swifter* judicial resolution—not delayed judicial resolution.

There is therefore no need to allow the target to continue the chase. The Plaintiff States' proposed briefing schedule is more than sufficient to ventilate the issues—including any wrinkles that OMB's new determination raises, *see* ECF No. 12, at 3–4 (claiming, without discussing, that the new determination affects the Plaintiff States' procedural and arbitrary-and-capricious claims)—while also allowing for a decision that will ameliorate the numerous harms the contractor vaccine mandate imposes on the Plaintiff States.

## CONCLUSION

For those reasons, the Plaintiff States respectfully request that the Court grant their motion for expedited briefing.

Dated: November 11, 2021

**DOUGLAS J. PETERSON**
**Attorney General of Nebraska**

*/s/ James A. Campbell*
James A. Campbell
  *Solicitor General of Nebraska*
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
(402) 471-2686
Jim.Campbell@nebraska.gov
*Counsel for Plaintiffs*

Respectfully submitted,

**ERIC S. SCHMITT**
**Attorney General of Missouri**

*/s/ Justin D. Smith*
Justin D. Smith, #63253MO
  *Deputy Attorney General of Missouri*
Michael E. Talent, #322220CA
  *Deputy Solicitor General*
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
(573) 751-0304
Justin.Smith@ago.mo.gov
*Counsel for Plaintiffs*

**TREG R. TAYLOR**
**Attorney General of Alaska**
*/s/ Cori Mills*
Cori M. Mills
    *Deputy Attorney General of Alaska*
Alaska Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501-1994
(907) 269-5100
Cori.Mills@alaska.gov
*Counsel for State of Alaska*

**LESLIE RUTLEDGE**
**Arkansas Attorney General**
*/s/ Vincent M. Wagner*
Vincent M. Wagner
Deputy Solicitor General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-8090
vincent.wagner@arkansasag.gov

JEFFREY S. THOMPSON
Solicitor General
SAMUEL P. LANGHOLZ
Assistant Solicitor General
Office of the Iowa Attorney General
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 281-5164
(515) 281-4209 (fax)
jeffrey.thompson@ag.iowa.gov
sam.langholz@ag.iowa.gov
*Counsel for State of Iowa*

**AUSTIN KNUDSEN**
**Attorney General of Montana**
KRISTIN HANSEN
Lieutenant General
DAVID M.S. DEWHIRST
Solicitor General
CHRISTIAN B. CORRIGAN
Assistant Solicitor General
Office of the Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
406-444-2026
David.Dewhirst@mt.gov
Christian.Corrigan@mt.gov
*Counsel for State of Montana*

**JOHN M. FORMELLA**
**New Hampshire Attorney General**
*/s/ Anthony J. Galdieri*
Anthony J. Galdieri
Solicitor General
NEW HAMPSHIRE DEPARTMENT OF JUSTICE
33 Capitol Street
Concord, NH 03301
Tel: (603) 271-3658
Anthony.J.Galdieri@doj.nh.gov
*Counsel for State of New Hampshire*

**WAYNE STENEHJEM**
**Attorney General of North Dakota**
*/s/ Matthew A. Sagsveen*
Matthew A. Sagsveen
Solicitor General
State Bar ID No. 05613
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Telephone (701) 328-3640
Facsimile (701) 328-4300
masagsve@nd.gov
*Counsel for State of North Dakota*

6

**JASON R. RAVNSBORG**
**South Dakota Attorney General**
*/s/ David M. McVey*
David M. McVey
Assistant Attorney General
1302 E. Highway 14, Suite 1
Pierre, SD  57501-8501
Phone: 605-773-3215
E-Mail: david.mcvey@state.sd.us
*Counsel for State of South Dakota*

**BRIDGET HILL**
  **Wyoming Attorney General**
*/s/ Ryan Schelhaas*
Ryan Schelhaas
  Chief Deputy Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Telephone: (307) 777-5786
ryan.schelhaas@wyo.gov
*Attorneys for the State of Wyoming*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 11, 2021, a true and correct copy of the foregoing and any attachments were filed electronically through the Court's CM/ECF system, to be served on counsel for all parties by operation of the Court's electronic filing system.

*/s/ Justin D. Smith*
