**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| STATE OF MISSOURI,<br>STATE OF NEBRASKA,<br>STATE OF ALASKA,<br>STATE OF ARKANSAS,<br>STATE OF IOWA,<br>STATE OF MONTANA,<br>STATE OF NEW HAMPSHIRE,<br>STATE OF NORTH DAKOTA,<br>STATE OF SOUTH DAKOTA,<br>STATE OF WYOMING,<br><br>        *Plaintiffs*,<br><br> v.<br><br>JOSEPH R. BIDEN, et al.,<br><br>        *Defendants*. | No. 4:21-cv-01300 |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

On December 15, 2021, after supplemental briefing concluded in this case, the Fifth Circuit Court of Appeals issued an order in *Louisiana et al. v. Becerra et al.*, No. 21-30734 (Dec. 15, 2021) (attached as Exhibit A), concerning the Federal Government's request to stay the Western District of Louisiana's nationwide preliminary injunction barring enforcement of the CMS vaccine mandate. In it, the Fifth Circuit concluded that in light of the major questions doctrine, the Federal Government had not "made a strong showing of likely success on the merits" of its argument that Congress had provided the agency with authority under the relevant Medicare and Medicaid statutes to issue a vaccine mandate for Medicare and Medicaid providers. *See Louisiana*, slip op., at 2–3. Furthermore, the Fifth Circuit came to that conclusion despite the Federal Government's

1

argument that "Medicare and Medicaid were enacted under the Spending Clause rather than the Commerce Clause." *Id.* at 3.

The Fifth Circuit's order (like a plethora of other decisions involving vaccine mandates, including the contractor mandate, and similar federal COVID-19 regulations) underscores that vaccine mandates, like the contractor mandate, implicate the major questions doctrine and so cannot be imposed absent a clear statement from Congress—a clear statement which does not exist here. *See* ECF 28, at 12–14; *see also* ECF 23, at 3–4; ECF 9, at 21–25. It also highlights the doctrine's applicability even in the federal spending context. And while the Fifth Circuit's order suggests that its conclusion is "a close call," that conclusion derives in part from the court's view that the CMS mandate "targeted health care facilities, especially nursing homes, … where COVID-19 has posed the greatest risk." *Louisana*, slip op., at 3. Whatever the merits of that view, the contractor mandate is clearly the opposite of targeted. *See*, *e.g.*, ECF 28, at 9 (discussing the mandate's breadth, including the fact it applies to those "who pose little COVID-19 risk").

Finally, while the Fifth Circuit did limit the scope of relief to the states that brought suit, *see* slip op., at 5, that is not relevant here because the Fifth Circuit was addressing the propriety of a nationwide *preliminary* injunction while, in this case, the Court is issuing a final judgment, which would involve vacatur of the agency actions creating the contractor mandate. *See* ECF 28, at 17.

Dated:  December 15, 2021

Respectfully submitted,

**DOUGLAS J. PETERSON**
**Attorney General of Nebraska**

*/s/ James A. Campbell*
James A. Campbell
   *Solicitor General of Nebraska*
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
(402) 471-2686
Jim.Campbell@nebraska.gov
*Counsel for Plaintiffs*

**ERIC S. SCHMITT**
**Attorney General of Missouri**

*/s/ Michael E. Talent*
Justin D. Smith, #63253MO
   *Deputy Attorney General of Missouri*
Michael E. Talent, #322220CA
   *Deputy Solicitor General*
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
(573) 751-0304
Justin.Smith@ago.mo.gov

*Counsel for Plaintiffs*

**TREG R. TAYLOR**
**Attorney General of Alaska**
*/s/ Cori Mills*
Cori M. Mills
Deputy Attorney General of Alaska
Alaska Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501-1994
(907) 269-5100
Cori.Mills@alaska.gov
*Counsel for State of Alaska*

**LESLIE RUTLEDGE**
**Arkansas Attorney General**
*/s/ Vincent M. Wagner*
Vincent M. Wagner
Deputy Solicitor General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas  72201
(501) 682-8090
vincent.wagner@arkansasag.gov

JEFFREY S. THOMPSON
Solicitor General
SAMUEL P. LANGHOLZ
Assistant Solicitor General
Office of the Iowa Attorney General
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 281-5164
(515) 281-4209 (fax)
jeffrey.thompson@ag.iowa.gov
sam.langholz@ag.iowa.gov
*Counsel for State of Iowa*

**AUSTIN KNUDSEN**
**Attorney General of Montana**
KRISTIN HANSEN
Lieutenant General
DAVID M.S. DEWHIRST
Solicitor General
CHRISTIAN B. CORRIGAN
Assistant Solicitor General
Office of the Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
406-444-2026
David.Dewhirst@mt.gov
Christian.Corrigan@mt.gov
*Counsel for State of Montana*

**JOHN M. FORMELLA**
**New Hampshire Attorney General**
*/s/ Anthony J. Galdieri*
Anthony J. Galdieri
Solicitor General
NEW HAMPSHIRE DEPARTMENT OF JUSTICE
33 Capitol Street
Concord, NH 03301
Tel: (603) 271-3658
Anthony.J.Galdieri@doj.nh.gov
*Counsel for State of New Hampshire*

**WAYNE STENEHJEM**
**Attorney General of North Dakota**
*/s/ Matthew A. Sagsveen*
Matthew A. Sagsveen
Solicitor General
State Bar ID No. 05613
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Telephone (701) 328-3640
Facsimile (701) 328-4300
masagsve@nd.gov
*Counsel for State of North Dakota*

**JASON R. RAVNSBORG**
**South Dakota Attorney General**
*/s/ David M. McVey*
David M. McVey
Assistant Attorney General
1302 E. Highway 14, Suite 1
Pierre, SD  57501-8501
Phone: 605-773-3215
E-Mail: david.mcvey@state.sd.us
*Counsel for State of South Dakota*

**BRIDGET HILL**
 **Wyoming Attorney General**
*/s/ Ryan Schelhaas*
Ryan Schelhaas
Chief Deputy Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Telephone: (307) 777-5786
ryan.schelhaas@wyo.gov
*Attorneys for the State of Wyoming*

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 15, 2021, a true and correct copy of the foregoing and any attachments were filed electronically through the Court's CM/ECF system, to be served on counsel for all parties by operation of the Court's electronic filing system and to be served on those parties that have not appeared who will be served in accordance with the Federal Rules of Civil Procedure by mail or other means agreed to by the party.

*/s/ Michael E. Talent*