# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, et al. <br><br> Defendants. | No. 4:21-cv-01300-DDN |

## DEFENDANTS' RESPONSE
## TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITIES

Defendants file this response to the two notices of supplemental authority that Plaintiffs filed, ECF Nos. 30 & 31, regarding two decisions from the Fifth Circuit regarding statutes not at issue in this case. Along with the opinions, Plaintiffs improperly submitted a total of five additional pages of argument. The Court should ignore Plaintiffs' improper and untimely argument. But to the extent the Court considers Plaintiffs' submissions, Defendants respond as follows.

Defendants disagree that the Fifth Circuit's opinion *Texas v. Biden* has any bearing on this case. In that case, a district court had vacated the original Department of Homeland Security (DHS) Memorandum, and the government appealed that order. ECF No. 30-1 at 30–31. While that appeal was pending, DHS issued a new Memorandum purporting to rescind the old Memorandum. *Id*. As the Fifth Circuit explained, since the original Memorandum had already been vacated by the district court, "there was nothing to rescind" and the new Memorandum was a nullity. *Id*. at 31. The facts in this case are quite different for the simple reason that when the OMB Director issued her November Determination, the September Determination was still in force. Thus, the November OMB Determination's rescission and revocation had full effect. If anything, *Texas v. Biden*, emphasizes why enjoining the September OMB Determination would be improper—the September Determination has been revoked, has been rescinded, and is no longer the operative determination. In short, there is nothing to vacate and Missouri's claims against the September Determination are plainly moot.

Meanwhile, the Fifth Circuit's cursory, six-page order in *Louisiana v. Becerra*, ECF No. 31-1, regarding the federal government's motion to stay a district court's nationwide injunction against a vaccine requirement imposed by the Department of Health and Human Services as a condition of Medicare and Medicaid funding for health care facilities, does not compel judgment in favor of Plaintiffs. Rather, the Fifth Circuit noted that it was a "close call" whether the federal government would ultimately prevail on appeal because "[t]he Secretary identifies meaningful distinctions between its rule for Medicare and Medicaid-funded facilities and the broader OSHA rule" that the Fifth Circuit preliminarily enjoined in an earlier ruling. *Id*. at 3. The court also narrowed the scope of the district court's nationwide injunction to the plaintiff states. *Id*. at 5–6.

In sum, neither of these cases changes has any bearing on whether this Court should deny Plaintiffs' request for relief under Rule 65(a)(2).

DATED: December 17, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRAD P. ROSENBERG
Assistant Director

*/s/ Vinita B. Andrapalliyal*
ZACHARY A. AVALLONE
VINITA ANDRAPALLIYAL
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
(202) 305-0845
Vinita.b.andrapalliyal@usdoj.gov

*Counsel for Defendants*