# United States Court of Appeals
*For The Eighth Circuit*

Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

June 07, 2023

Ms. Anna O. Mohan
U.S. DEPARTMENT OF JUSTICE
Appellate Section
Room 7533
950 Pennsylvania Avenue, N.W.
Washington, DC  20530-0000

     RE:  22-1104  State of Missouri, et al v. Joseph Biden, Jr., et al

Dear Counsel:

     The court today issued an opinion in this case. Judgment in accordance with the opinion was also entered today.

     Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc must be received in the clerk's office within 45 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. Except as provided by Rule 25(a)(2)(iii) of the Federal Rules of Appellate Procedure, no grace period for mailing is allowed. Any petition for rehearing or petition for rehearing en banc which is not received within the 45 day period for filing permitted by FRAP 40 may be denied as untimely.

     Michael E. Gans
     Clerk of Court

HAG

Enclosure(s)

cc:    Ms. Vinita Andrapalliyal
       Mr. Zach A. Avallone
       Ms. Natalie Christmas
       Clerk, U.S. District Court, Eastern District of Missouri
       Mr. Christian Brian Corrigan
       Mr. Matthew Frederick
       Mr. Anthony J. Galdieri
       Ms. Gabriela Gonzalez-Araiza
       Mr. Daryl L. Joseffer
       Mr. Scott Allen Keller

    Ms. Maria Ann Lanahan
    Mr. Samuel Paul Langholz
    Mr. Steven P. Lehotsky
    Ms. Stephanie A. Maloney
    Mr. David M. McVey
    Ms. Cori Mills
    Mr. David Peters
    Mr. Matthew A Sagsveen
    Mr. Ryan Schelhaas
    Mr. Mark B. Stern

    District Court/Agency Case Number(s):   4:21-cv-01300-DDN

# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1104
_____

State of Missouri; State of Nebraska; State of Alaska; State of Arkansas;
State of Iowa; State of Montana; State of New Hampshire; State of North Dakota;
State of South Dakota; State of Wyoming

*Plaintiffs - Appellees*

v.

Joseph R. Biden, Jr., in his official capacity as the President of the United States of America; United States of America; The Office of Personnel Management; Kiran Ahuja, in her official capacity as director of the Office of Personnel Management and as co-chair of the Safer Federal Workforce Task Force; General Services Administration; Robin Carnahan, in her official capacity as administrator of the General Services Administration and as co-chair of the Safer Federal Workforce Task Force; Office of Management and Budget; Shalanda Young, in her official capacity as acting Director of the Office of Management and Budget and as a member of the Safer Federal Workforce Task Force; Safer Federal Workforce Task Force; Jeffrey Zients, in his official capacity as co-chair of the Safer Federal Workforce Task Force and COVID-19 Response Coordinator; Federal Acquisition Regulatory Council; Lesley A. Field, in her official capacity as Acting Administrator for Federal Procurement, Office of Management and Budget; John M. Tenaglia, in his official capacity as Principal Director of Defense Pricing and Contracting, Department of Defense; Jeffrey A. Koses, in his official capacity as Senior Procurement Executive & Deputy Chief Acquisition Officer, General Services Administration; Karla S. Jackson, in her official capacity as Assistant Administrator for Procurement, National Aeronautics and Space Administration

*Defendants - Appellants*

------------------------------

State of Florida; State of Arizona; State of Georgia; State of Idaho; State of Kansas; State of Kentucky; State of Louisiana; State of Ohio; State of Oklahoma; State of South Carolina; State of Tennessee; State of Texas; State of Utah; State of West Virginia; Chamber of Commerce of the United States of America

*Amici on Behalf of Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri

_____

Submitted: September 21, 2022
Filed: June 7, 2023
[Unpublished]

_____

Before SMITH, Chief Judge, KELLY and GRASZ, Circuit Judges.

_____

PER CURIAM.

By executive order and related agency action, the President of the United States and other federal Executive Branch officials sought to contractually obligate all federal contractors and subcontractors to ensure their employees were fully vaccinated against COVID-19. *See* Executive Order 14042, 86 Fed. Reg. 50,985 (Sept. 9, 2021) (hereinafter "EO 14042"); Office of Management and Budget Notice of Determination, 86 Fed. Reg. 63418-01 (Nov. 16, 2021). The district court preliminarily enjoined the federal officials from enforcing the contractor vaccine mandate within the plaintiff States after deciding the States were likely to prevail on the merits of their claim that EO 14042 exceeded the President's authority. The government appealed, seeking reversal of the district court's preliminary injunction.

On May 9, 2023, the President issued an executive order revoking EO 14042, to be effective on May 12, 2023. *See* Exec. Order No. 14099 §§ 2, 3, 88 Fed. Reg. 30,891, 30,891 (May 15, 2012) ("Revocation EO"). The Revocation EO explained

-2-

that "we no longer need . . . federally specified safety protocols for Federal contractors." *Id.* § 1. The Revocation EO further specified that "[a]gency policies adopted to implement [EO 14042] . . . , to the extent such policies are premised on th[at] order[], no longer may be enforced and shall be rescinded consistent with applicable law." *Id.* § 2.

Based on the Revocation EO, the federal officials filed an unopposed motion to voluntarily dismiss the appeal, explaining the only relief from this court they had sought was the reversal or narrowing of the preliminary injunction barring enforcement of EO 14042. Because EO 14042 "and its accompanying guidance have been revoked" and "can no longer be enforced," the federal officials acknowledge the purpose of their appeal "no longer exists." We agree. As it is no longer possible to effectuate the relief requested, we conclude this appeal has become moot and dismiss it as such. The case is remanded to the district court for further proceedings consistent with this opinion.

_____