# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

STATE OF MISSOURI, et al.,

                    Plaintiffs,

        v.

JOSEPH R. BIDEN, et al.

                  Defendants.

No. 4:21-cv-01300-DDN

## DEFENDANTS' BRIEF REGARDING THE
## COURT'S ORDER TO SHOW CASE

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................................1

BACKGROUND .................................................................................................................................2

I.      Executive Order 14042 ...........................................................................................................2

II.     This Lawsuit .............................................................................................................................3

III.    Revocation of Executive Order 14042 ....................................................................................4

LEGAL STANDARD .........................................................................................................................5

ARGUMENT ......................................................................................................................................6

I.      This case is moot. ....................................................................................................................6

II.     No exception to mootness applies. ........................................................................................10

CONCLUSION .................................................................................................................................15

# TABLE OF AUTHORITIES

**CASES**

*Abdurrahman v. Dayton,*
    903 F.3d 813 (8th Cir. 2018) ..................................................................................... 13

*Akiachak Native Cmty. v. United States Dep't of Interior,*
    827 F.3d 100 (D.C. Cir. 2016) ................................................................................. 6, 7

*Almaqrami v. Pompeo,*
    933 F.3d 774 (D.C. Cir. 2019) .................................................................................... 8

*Already, LLC v. Nike,*
    568 U.S. 85 (2013) .......................................................................................... 1, 6, 11

*Bazzrea v. Mayorkas,*
    --- F. Supp. 3d ---, 2023 WL 3958912 (S.D. Tex. June 12, 2023) ............................. 9

*Beck ex rel. Beck v. Mo. State High Sch. Activities Ass'n,*
    18 F.3d 604 (8th Cir. 1994) ...................................................................................... 13

*Bos. Bit Labs, Inc. v Baker,*
    11 F.4th 3 (1st Cir. 2021) .......................................................................................... 11

*Brach v. Newsom,*
    38 F.4th 6 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 854 (2023) ............................... 10

*Brnovich v. Biden,*
    562 F. Supp. 3d 123 (D. Ariz. 2022), *rev'd sub nom. Mayes v. Biden*, 67 F.4th 921 (9th Cir. 2023) ....... 4

*Carson v. Pierce,*
    719 F.2d 931 (8th Cir. 1983) ...................................................................................... 8

*Church of Scientology v. United States,*
    506 U.S. 9 (1992) ....................................................................................................... 8

*City News & Novelty, Inc. v. City of Waukesha,*
    531 U.S. 278 (2001) .................................................................................................. 11

*Clark v. Governor of N.J.,*
    53 F.4th 769 (3d Cir. 2022), *cert. denied sub nom. Clark v. Murphy*, 143 S. Ct. 2436 (2023) ............. 8, 10

*Clements v. Austin,*
    No. 2:22-2069, 2023 WL 3479466 (D.S.C. May 16, 2023) ...................................... 9

*Colonel Fin. Mgmt. Officer v. Austin,*
    Nos. 8:22-1275, 8:21-2429, 2023 WL 2764767 (M.D. Fla. Apr. 3, 2023) ............... 9

*Donovan v. Vance*,
   70 F.4th 1167 (9th Cir. 2023) ........................................................................8

*Eden, LLC v. Justice*,
   36 F.4th 166 (4th Cir. 2022) ................................................................. 10, 12

*Fialka-Feldman v. Oakland Univ. Bd. of Trs.*,
   639 F.3d 711 (6th Cir. 2011) ..................................................................... 7, 8

*Florida v. Nelson*,
   576 F. Supp. 3d 1017 (M.D. Fla. 2021), *appeal dismissed sub nom. Florida v. Administrator, NASA*,
   No. 22-10165-AA, 2022 WL 18282863 (11th Cir. Oct. 26, 2022) .......................................4

*Friends of the Earth, Inc. v. Laidlaw Env't Serv. (TOC), Inc.*,
   528 U.S. 167 (2000) .......................................................................... 10, 11

*Georgia v. Biden*,
   574 F. Supp. 3d 1337 (S.D. Ga. 2021), *aff'd in part and vacated in part sub nom. Georgia v. President of the U.S.*, 46 F.4th 1283 (11th Cir. 2022) ......................................4

*Georgia v. President of the U.S.*,
   46 F.4th 1283 (11th Cir. 2022) .......................................................... 2, 4, 14

*Glow In One Mini Golf, LLC v. Walz*,
   37 F.4th 1365 (8th Cir. 2022), *cert. denied*, 143 S. Ct. 574 (2023) ...........................9

*Hanrahan v. Mohr*,
   905 F.3d 947 (6th Cir. 2018) ......................................................................11

*Hickman v. Missouri*,
   144 F.3d 1141 (8th Cir. 1998) ...................................................... 10, 13, 14, 15

*Hillesheim v. Holiday Stationstores, Inc.*,
   903 F.3d 786 (8th Cir. 2018) .......................................................................6

*Hollis v. Biden*,
   No. 21-60910, 2023 WL 3593251 (5th Cir. May 18, 2023) ........................................9

*Iowa Prot. & Advoc. Servs. v. Tanager, Inc.*,
   427 F.3d 541 (8th Cir. 2005) ......................................................................10

*Kentucky v. Biden*,
   57 F.4th 545 (6th Cir. 2023) ................................................................... 3, 14

*Kingdomware Techs., Inc. v. United States*,
   579 U.S. 162 (2016) ...............................................................................10

*Louisiana v. Biden*,
   575 F. Supp. 3d 680 (W.D. La. 2021), *aff'd*, 55 F.4th 1017 (5th Cir. 2022) ....................4

*Marine Equip. Mgmt. Co. v. United States,*
    4 F.3d 643 (8th Cir. 1993) ................................................................................................6

*Missouri v. Biden,*
    576 F. Supp. 3d 622 (E.D. Mo. 2021), *appeal dismissed,*
    2023 WL 3862561 (8th Cir. June 7, 2023) .......................................................................4

*Missouri v. Biden,*
    No. 22-1104, 2023 WL 3862561 (8th Cir. June 7, 2023) ..............................................4, 9

*Mo. ex rel. Nixon v. Craig,*
    163 F.3d 482 (8th Cir. 1998) ..........................................................................................6, 14

*Murphy v. Hunt,*
    455 U.S. 478 (1982) ........................................................................................................14

*Navy SEAL 1 v. Austin,*
    No. 22-5114, 2023 WL 2482927 (D.C. Cir. Mar. 10, 2023), *pet. for cert. filed sub nom.*
    *Creaghan v. Austin,* No. 22-1201 (U.S. June 12, 2023) .................................................9

*Neighborhood Transp. Network, Inc. v. Pena,*
    42 F.3d 1169 (8th Cir. 1994) ...........................................................................................6

*Parents Involved in Community Schools v. Seattle School District No. 1,*
    551 U.S. 701 (2007) ........................................................................................................12

*Phelps–Roper v. City of Manchester,*
    697 F.3d 678 (8th Cir. 2012) ...........................................................................................6

*Prowse v. Payne,*
    984 F.3d 700 (8th Cir. 2021) .......................................................................................6, 11

*Raines v. Byrd,*
    521 U.S. 811 (1997) .........................................................................................................6

*Radiant Glob. Logistics, Inc. v. Furstenau,*
    951 F.3d 393 (6th Cir. 2020) ...........................................................................................7

*Randolph v. Rodgers,*
    170 F.3d 850 (8th Cir.1999) ............................................................................................13

*Regalado v. Dir., Ctr. for Disease Control,*
    No. 22-12265, 2023 WL 239989 (11th Cir. Jan. 18, 2023) .............................................9

*Resurrection Sch. v. Hertel,*
    35 F.4th 524 (6th Cir. 2022), *cert. denied,* 143 S. Ct. 372 (2022) ...........................10, 11, 12

*Robert v. Austin,*
    72 F.4th 1160 (10th Cir. 2023) ........................................................................................9

*Roth v. Austin*,
  62 F.4th 1114 (8th Cir. 2023)............................................................................9

*Short v. Berger*,
  Nos. 22-15755, 22-16607, 2023 WL 2258384 (9th Cir. Feb. 24, 2023)................9

*Simon v. E. Ky. Welfare Rights Org.*,
  426 U.S. 26 (1976)...........................................................................................6

*South Dakota v. Hazen*,
  914 F.2d 147 (8th Cir. 1990)..................................................................6, 13, 14

*Spell v. Edwards*,
  962 F.3d 175 (5th Cir. 2020)............................................................................8

*Spencer v. Kemna*,
  523 U.S. 1 (1998) ......................................................................................13, 15

*Teague v. Cooper*,
  720 F.3d 973 (8th Cir. 2013)..........................................................................10

*Trump v. Hawaii*,
  138 S. Ct. 377 (2017)........................................................................................7

*U.S. Navy SEALs 1–26 v. Biden*,
  72 F.4th 666 (5th Cir. 2023)....................................................................8, 9, 11

*United States v. Munsingwear, Inc.*,
  340 U.S. 36 (1950) ....................................................................................14, 15

*United States v. Sanchez-Gomez*,
  584 U.S. ---, 138 S. Ct. 1532 (2018) ...........................................................10, 13

**REGULATIONS**

Moving Beyond COVID-19 Vaccination Requirements for Federal Workers,
  EO 14,099, 88 Fed. Reg. 30,891, (May 9, 2023) ....................................1, 2, 5, 12

Ensuring Adequate COVID Safety Protocols for Federal Contractors,
  EO 14042, 86 Fed. Reg. 50,985 (Sept. 9, 2021),
  *revoked by* EO 14099, 88 Fed. Reg. 30,891 (May 9, 2023) ...............................2, 3

Determination of the Acting OMB Director Regarding the Revised Safer Federal Workforce
  Task Force Guidance for Federal Contractors and the Revised Economy & Efficiency Analysis,
  86 Fed. Reg. 63,418 (Nov. 16, 2021) ...................................................................3

## OTHER AUTHORITIES

Alex M. Azar II, PHE.gov, *Determination that a Public Health Emergency Exists* (Jan. 31, 2020),
   https://perma.cc/VZ5X-CT5R..................................................................................................2

Centers for Disease Control and Prevention, *COVID Data Tracker* (updated July 3, 2023),
   https://perma.cc/TU6E-RWCD .............................................................................................2

Task Force, *For Federal Contractors* (May 12, 2023),
   https://perma.cc/BTT2-BF58............................................................................................. 5, 7

The White House, *The Biden-Harris Administration Will End COVID-19 Vaccination Requirements for
   Federal Employees, Contractors, International Travelers, Head Start Educators, and CMS-Certified Facilities*
   (May 1, 2023),
   https://perma.cc/93DS-N47L ............................................................................................ 4, 13

White House, Proclamation on Declaring a National Emergency Concerning the Novel
   Coronavirus Disease (COVID-19) Outbreak (Mar. 13, 2020),
   https://perma.cc/3PUQ-XNYY..............................................................................................2

## INTRODUCTION

Plaintiffs filed this lawsuit nearly two years ago to prevent enforcement of Executive Order (EO) 14042. The President issued that order in September 2021, during an acute phase of the COVID-19 pandemic, directing federal agencies to include in certain contracts a clause requiring compliance with COVID-19 workplace safety protocols, including a COVID-19 vaccination requirement for contractors' employees. But since then, the President has determined that EO 14042's requirements are no longer warranted in light of dramatic improvements in public-health conditions. He therefore revoked EO 14042 and instructed that all policies premised on that order must be rescinded and cannot be enforced. As a result, there is no longer any effective relief that this Court can grant to Plaintiffs. Plaintiffs' legal challenge to the now-rescinded EO 14042 is therefore moot, as this Court suspected when it issued an order for Plaintiffs to "show cause as to why this case should not be dismissed in its entirety as moot." ECF No. 66.

Plaintiffs agree that this case is moot, but they argue that two exceptions to the mootness doctrine apply. They are wrong. *First*, the voluntary-cessation exception does not apply here because that rule is intended to prevent litigation posturing. Here, the President revoked EO 14042 in May of 2023, more than eighteen months after signing the EO, because the country is "no longer in the acute phase" of the COVID-19 pandemic, not in any effort to evade judicial review or gain litigation advantage. Moving Beyond COVID-19 Vaccination Requirements for Federal Workers, EO 14,099, § 1, 88 Fed. Reg. 30,891, 30,891 (May 9, 2023). Further, the President "could not reasonably be expected" to reinstate EO 14042. *Already, LLC v. Nike*, 568 U.S. 85, 92 (2013) (citation omitted). If the COVID-19 pandemic were to reenter an acute phase posing heightened dangers to the public and the civilian federal workforce, any policies adopted in response to those developments would be based on and responsive to those new circumstances.

*Second*, this case is not capable of repetition yet evading review, the other, narrow mootness

1

exception. Here again, Plaintiffs have no reasonable expectation of being subject again to EO 14042

and the accompanying policies. And if they somehow could challenge an identical policy in the

future, there is every expectation that Plaintiffs could have their challenge resolved before the policy

would expire, as plaintiffs did in other cases challenging this EO. *See, e.g.*, *Georgia v. President of the*

*U.S.*, 46 F.4th 1283, 1308 (11th Cir. 2022).

For the foregoing reasons, and as explained further below, this case is moot and should be

dismissed.

## BACKGROUND

### I.      Executive Order 14042

In January 2020, the Secretary of Health and Human Services declared a public health

emergency as SARS-CoV-2, a highly transmissible virus that causes a deadly respiratory disease

known as COVID-19, emerged and spread across the country.[1] Shortly thereafter, the President

declared the COVID-19 outbreak a national emergency.[2] A prolonged global pandemic unfolded

over the ensuing years, with SARS-CoV-2 infecting, hospitalizing, and killing millions of Americans

and severely disrupting public life and business operations in the United States.[3]

In September 2021, during an acute phase of the COVID-19 pandemic, the President

responded to this national emergency by issuing Ensuring Adequate COVID Safety Protocols for

Federal Contractors, EO 14042, 86 Fed. Reg. 50,985 (Sept. 9, 2021), *revoked by* EO 14099, 88 Fed.

Reg. 30,891 (May 9, 2023). EO 14042 directed Executive departments and agencies to incorporate

into certain new contracts and solicitations a clause imposing COVID-19 workplace safety

---

[1] Alex M. Azar II, PHE.gov, *Determination that a Public Health Emergency Exists* (Jan. 31, 2020), https://perma.cc/VZ5X-CT5R.

[2] White House, Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (Mar. 13, 2020), https://perma.cc/3PUQ-XNYY.

[3] Centers for Disease Control and Prevention, *COVID Data Tracker* (updated July 3, 2023), https://perma.cc/TU6E-RWCD.

protocols, including a vaccination requirement for contractors' employees.[4]

## II.     This Lawsuit

Plaintiffs filed this suit on October 29, 2021, to challenge the issuance and implementation of EO 14042. *See* Compl., ECF No. 1. Plaintiffs sought declaratory and prospective injunctive relief from the "COVID-19 vaccine mandate on federal contractors," which, according to Plaintiffs, comprised Executive Order 14042 and three documents promulgated to implement that order—(i) the Task Force's workplace safety guidance for federal contractors; (ii) the Acting Director of OMB's determination that adherence to the Task Force's guidance would promote economy and efficiency in federal contracting; and (iii) the Federal Acquisition Regulatory ("FAR") Council's memorandum providing initial guidance for incorporating COVID-19 safety clauses in federal contracts. *See* Compl., Prayer for Relief. A few days later, Plaintiffs filed a motion for a preliminary injunction, seeking to prevent the federal government from enforcing EO 14042 and its implementing guidance. *See* Pls.' Mot. for a Prelim. Inj., ECF No. 8.

Enforcement of EO 14042 was short lived. On November 30, 2021, a district court in the Eastern District of Kentucky preliminarily enjoined Defendants "from enforcing the mandate against any covered contractors in" Kentucky, Ohio, and Tennessee. *Kentucky v. Biden*, 57 F.4th 545, 550 (6th Cir. 2023). The following week, the U.S. District Court for the Southern District of Georgia issued a nationwide preliminary injunction that enjoined the federal government "from enforcing the vaccine mandate for federal contractors and subcontractors in all covered contracts in any state or

---

[4] The COVID-19 workplace safety protocols were developed by the Safer Federal Workforce Task Force ("Task Force") and became binding on November 16, 2021, when the Acting Director of the Office of Management and Budget ("OMB") determined, pursuant to the President's delegation of his statutory authority, that adherence to the protocols would promote economy and efficiency in federal contracting. *See* EO 14042 § 2, 86 Fed Reg. at 50895-96; *see also* Determination of the Acting OMB Director Regarding the Revised Safer Federal Workforce Task Force Guidance for Federal Contractors and the Revised Economy & Efficiency Analysis, 86 Fed. Reg. 63,418, 63,418–23 (Nov. 16, 2021).

territory of the United States of America." *Georgia v. Biden*, 574 F. Supp. 3d 1337, 1357 (S.D. Ga.

2021), *aff'd in part and vacated in part sub nom. Georgia v. President of the U.S.*, 46 F.4th 1283, 1308 (11th

Cir. 2022). Additional injunctions soon followed, including the preliminary injunction issued by this

Court. *See Missouri v. Biden*, 576 F. Supp. 3d 622, 635 (E.D. Mo. 2021) (granting a preliminary

injunction as to federal contracts in Missouri, Nebraska, Alaska, Arkansas, Iowa, Montana, New

Hampshire, North Dakota, South Dakota, and Wyoming), *appeal dismissed*, 2023 WL 3862561 (8th

Cir. June 7, 2023) (per curiam); *Louisiana v. Biden*, 575 F. Supp. 3d 680, 696 (W.D. La. 2021) (granting

a preliminary injunction as to the state plaintiffs' federal contracts), *aff'd*, 55 F.4th 1017 (5th Cir.

2022); *Florida v. Nelson*, 576 F. Supp. 3d 1017, 1040 (M.D. Fla. 2021) (granting a preliminary

injunction as to federal contracts in Florida), *appeal dismissed sub nom. Florida v. Administrator, NASA*,

No. 22-10165-AA, 2022 WL 18282863 (11th Cir. Oct. 26, 2022); *Brnovich v. Biden*, 562 F. Supp. 3d

123, 167 (D. Ariz. 2022) (granting a preliminary injunction limited to Arizona's "geographic

boundaries"), *rev'd sub nom. Mayes v. Biden*, 67 F.4th 921, 945–46 (9th Cir. 2023).

After this court issued its preliminary injunction, Defendants promptly appealed this Court's

order granting Plaintiffs' motion for a preliminary injunction to the Eighth Circuit, *see* Notice of

Appeal, ECF No. 43, and shortly thereafter, this Court granted the parties' motion to stay

proceedings pending final resolution of that appeal, *see* Order, ECF No. 46.

### III.    Revocation of Executive Order 14042

On May 1, 2023, the White House issued a statement announcing that the Administration

would "end the COVID-19 vaccine requirement[] for . . . Federal contractors" on May 11, 2023,

"the same day that the COVID-19 public health emergency ends." *See* The White House, *The Biden-*

*Harris Administration Will End COVID-19 Vaccination Requirements for Federal Employees, Contractors,*

*International Travelers, Head Start Educators, and CMS-Certified Facilities* (May 1, 2023),

https://perma.cc/93DS-N47L.

On May 9, 2023, the President issued an Executive Order revoking EO 14042, thereby ending the COVID-19 vaccination requirement for Federal contractors effective May 12, 2023, at 12:01 a.m. eastern daylight time. *See* Executive Order 14099 §§ 2–3, 88 Fed. Reg. at 30,891. The Executive Order explained that the Nation is "no longer in the acute phase of the COVID-19 pandemic," and that "[s]ince September 2021, COVID–19 deaths have declined by 93 percent, and new COVID–19 hospitalizations have declined by 86 percent." *Id.* The Executive Order touted that "over 270 million Americans receiving at least one dose of the COVID–19 vaccine." *Id.* The Executive Order further instructed that "[a]gency policies adopted to implement Executive Order 14042 . . . , to the extent such policies are premised on th[at] order[], no longer may be enforced and shall be rescinded consistent with applicable law." *See id.* § 2, 88 Fed. Reg. at 30,891.

On May 12, 2023, the Task Force updated its website to indicate that Executive Order 14042 had been revoked and that "all prior guidance from the . . . Task Force implementing the requirements of Executive Order 14042 has also been revoked." *See* Task Force, *For Federal Contractors* (May 12, 2023), https://perma.cc/BTT2-BF58.

Shortly thereafter, Defendants moved to dismiss the appeal in this case because EO 14042's revocation and the ensuing revocation of the associated guidance documents rendered the appeal moot. Appellants' Mot. to Dismiss, *Missouri v. Biden*, 22-1104 (8th Cir.) On June 7, 2023, the Eighth Circuit granted the motion to dismiss in a *per curiam* memorandum and accompanying judgment. The Eighth Circuit issued its mandate on July 31, 2023. *See* Mandate, ECF No. 62.

On August 15, 2023, this Court ordered Plaintiffs to show cause for why this case should not be dismissed as moot. Order, ECF No. 66. Plaintiff filed their response brief on August 31, 2023, Pls.' Resp. Brief, ECF No. 68, and thereafter this Court instructed Defendants to file a reply.

## LEGAL STANDARD

"When a case . . . no longer presents an actual, ongoing case or controversy, the case is moot

and the federal court no longer has jurisdiction to hear it." *Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1172 (8th Cir. 1994). This requirement "applies with equal force to actions for declaratory judgment as it does to actions seeking traditional coercive relief." *Marine Equip. Mgmt. Co. v. United States,* 4 F.3d 643, 646 (8th Cir. 1993).

## ARGUMENT

### I.      This case is moot.

This case is moot under ordinary mootness principles, and Plaintiffs concede as much in their response brief. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976)). So if at any stage of litigation "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," the "case becomes moot" and must be dismissed for lack of jurisdiction "[n]o matter how vehemently" a plaintiff may continue to "dispute the lawfulness of the conduct that precipitated the lawsuit[.]" *Already, LLC.*, 568 U.S. at 91 (citation omitted). Put another way, "a case becomes moot 'when changed circumstances already provide the requested relief and eliminate the need for court action.'" *Prowse v. Payne*, 984 F.3d 700, 702 (8th Cir. 2021) (quoting *Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 791 (8th Cir. 2018)). In such circumstances, the court "must refrain from reaching the merits because any opinion issued would be merely 'advisory' and rest on hypothetical underpinnings." *Mo. ex rel. Nixon v. Craig*, 163 F.3d 482, 484 (8th Cir. 1998) (quoting *South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990)).

When a litigant challenges a government policy, a case typically becomes moot when that policy changes or is rescinded or appealed. "When a law has been amended or repealed, actions seeking declaratory or injunctive relief for earlier versions are generally moot . . . ." *Phelps–Roper v. City of Manchester*, 697 F.3d 678, 687 (8th Cir. 2012) (en banc); *accord Akiachak Native Cmty. v. United*

*States Dep't of Interior*, 827 F.3d 100, 106 (D.C. Cir. 2016) ("Because [the challenged] regulation no longer exists, we can do nothing to affect Akiachak's rights relative to it, thus making this case classically moot for lack of a live controversy."); *see also, e.g.*, *Trump v. Hawaii*, 138 S. Ct. 377 (2017) (mem.) (instructing a lower court to dismiss as moot a case challenging an Executive Order that was no longer effective).

Measured by these principles, this case is moot. Plaintiffs brought this lawsuit over twenty-two months ago to challenge and seek relief from the "mandate that all employees of federal contractors be vaccinated," Compl. ¶ 2, which, according to Plaintiff, encompassed EO 14042, the Safer Workforce Taskforce's and FAR Council's guidance issued in accordance with the EO, and the Office of Management and Budget's conclusion that EO 14042 promotes economy and efficiency in federal contracting, *see* Compl, Prayer for Relief. But none of those orders or policies are still in force. Since then, the President has revoked EO 14042 and instructed that any policies premised on that order—including each of the actions that Plaintiffs challenge—can no longer be enforced and must be rescinded. *See* EO 14099, 88 Fed. Reg. at 30,891. And consistent with those instructions, the Task Force revoked its prior guidance implementing EO 14042's requirements. *See* Task Force, *For Federal Contractors* (May 12, 2023), https://perma.cc/BTT2-BF58. Plaintiffs now challenge an EO that has been revoked, is no longer in effect, and with which they will never have to comply. As a result, Plaintiffs possess no "legally cognizable interest" in challenging these past actions, as they "require nothing of and mean nothing to" Plaintiffs. *See Radiant Glob. Logistics, Inc.  v. Furstenau*, 951 F.3d 393, 395–96 (6th Cir. 2020) (cleaned up). So what may have "started as a disagreement with consequences for both parties" has become "an abstract dispute with consequences for neither party"—the definition of mootness. *See Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713–14 (6th Cir. 2011).

That this Court can provide no "effectual relief" to Plaintiffs underscores the mootness of

this case. *See id.* at 713 (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)). Plaintiffs

seek only declaratory and prospective injunctive relief from EO 14042 and its implementing

guidance. *See* Compl., Prayer for Relief. But the President revoked EO 14042, and it is no longer in

effect. *Supra* pp. 4–5. There is therefore no action for this Court to enjoin. *See, e.g.*, *U.S. Navy SEALs*

*1–26 v. Biden*, 72 F.4th 666, 672 (5th Cir. 2023) ("There is no need to enjoin policies that no longer

exist."); *Carson v. Pierce*, 719 F.2d 931, 933 (8th Cir. 1983) ("If declaratory relief or an injunction were

to be granted, it would have no effect on the individual plaintiffs" because they are no longer subject

to the challenged policies.); *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020) ("Once the law is off

the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do.");

*Almaqrami v. Pompeo*, 933 F.3d 774, 783 (D.C. Cir. 2019) ("[C]ourts generally cannot declare unlawful

or enjoin policies that are no longer in force[.]"). EO 14042's revocation provided Plaintiffs with all

the relief that any injunction could have provided. *See, e.g.*, *U.S. Navy SEALs 1–26*, 72 F.4th at 671–

72; *Clark v. Governor of N.J.*, 53 F.4th 769, 776 (3d Cir. 2022) (dismissing as moot challenge to

withdrawn COVID-19–related policies because the withdrawal gave the plaintiffs "the very relief

sought"), *cert. denied sub nom. Clark v. Murphy*, 143 S. Ct. 2436 (2023).

  Consistent with this analysis, numerous courts have concluded that challenges to federal

COVID-19 vaccination requirements—including EO 14042—became moot when those

requirements were rescinded. [5] *See, e.g.*, *Donovan v. Vance*, 70 F.4th 1167, 1171–72 (9th Cir. 2023)

---

[5] Facing this broad judicial consensus, several plaintiffs that had challenged EO 14042 voluntarily dismissed their cases following its revocation. *Oklahoma v. Biden*, No. 5:21-cv-1069 (W.D. Okla. June 21, 2023), ECF No. 57; *Georgia v. Biden*, No. 1:21-cv-163 (S.D. Ga. June 1, 2023), ECF No. 127; *Louisiana v. Biden*, No. 1:21-cv-3867 (W.D. La. May 31, 2023), ECF No. 63; *Florida v. Nelson*, No. 8:21-cv-2524 (M.D. Fla. May 23, 2023), ECF No. 50; *Assoc. Gen. Contractors of Am., Inc. v. Biden*, No. 4:21-cv-1344 (N.D. Tex. May 16, 2023), ECF No. 53; *Texas v. Biden*, No. 3:21-cv-309 (S.D. Tex. May 12, 2023), ECF No. 64; *Skurich v. Biden*, No. 3:22-cv-10 (S.D. Tex. May 22, 2023), ECF No. 12; *US Freedom Flyers v. United States*, No. 8:21-cv-2738 (M.D. Fla. May 18, 2023), ECF No. 27. *Kentucky v. Biden*, No. 3:21-cv-00055 (E.D. Ky. July 27, 2023), ECF No. 69.

("We cannot provide relief from" EO 14042 because it "no longer exist[s]," and therefore "we hold

that this appeal is moot and dismiss."); *Hollis v. Biden*, No. 21-60910, 2023 WL 3593251, at *1 (5th

Cir. May 18, 2023) (finding a case challenging EO 14042 had become moot following revocation of

the order and its implementing guidance); *U.S. Navy SEALs 1–26*, 72 F.4th at 669-76 (dismissing as

moot an appeal challenging the military's COVID-19 vaccination mandate following the mandate's

rescission); *Robert v. Austin*, 72 F.4th 1160 (10th Cir. 2023) (same); *Roth v. Austin*, 62 F.4th 1114, 1119

(8th Cir. 2023) (same); *Navy SEAL 1 v. Austin*, No. 22-5114, 2023 WL 2482927 (D.C. Cir. Mar. 10,

2023) (same), *pet. for cert filed sub nom. Creaghan v. Austin*, No. 22-1201 (U.S. June 12, 2023); *Short v.

Berger*, Nos. 22-15755, 22-16607, 2023 WL 2258384 (9th Cir. Feb. 24, 2023) (same); *Regalado v. Dir.,

Ctr. for Disease Control*, No. 22-12265, 2023 WL 239989 (11th Cir. Jan. 18, 2023) (affirming dismissal

of case as moot where the challenged Occupational Safety and Health Administration's COVID-19

vaccination mandate had been "withdrawn"); *Bazzrea v. Mayorkas*, --- F. Supp. 3d ---, 2023 WL

3958912, at *4 (S.D. Tex. June 12, 2023) (dismissing as moot case challenging the Coast Guard's

COVID-19 vaccination mandate, explaining that the mandate's rescission "eliminated the actual

controversy" and precluded the court from providing "effectual relief"); *Clements v. Austin*, No. 2:22-

2069, 2023 WL 3479466, at *3 (D.S.C. May 16, 2023) (same); *Colonel Fin. Mgmt. Officer v. Austin*, Nos.

8:22-1275, 8:21-2429, 2023 WL 2764767, at *3 (M.D. Fla. Apr. 3, 2023) (dismissing as moot case

challenging the military's COVID-19 vaccination mandate because the "mandate no longer exists");

*cf. Missouri v. Biden*, No. 22-1104, 2023 WL 3862561, at *1 (8th Cir. June 7, 2023) ("Because EO

14042 and its accompanying guidance have been revoked and can no longer be enforced, . . . we

conclude this appeal has become moot and dismiss it as such." (citation omitted)).[6]

---

[6] Many courts have come to the same conclusion concerning challenges to other COVID-19–related policies that—like EO 14042—were repealed or terminated during the course of litigation. *See, e.g., Glow In One Mini Golf, LLC v. Walz*, 37 F.4th 1365, 1371–73 (8th Cir. 2022) (dismissing as moot claims for declaratory and injunctive relief where the challenged state executive order limiting the capacity at which certain businesses could operate was "no longer in effect" and

## II.     No exception to mootness applies.

Plaintiffs do not contest that this this case is moot under ordinary mootness principles; they instead insist that the limited exceptions to the mootness doctrine applies. The Supreme Court has recognized two circumscribed exceptions to the mootness doctrine. First, mere "voluntary cessation" of a challenged action may not moot a case if that action could reasonably be expected to recur. *See Hickman v. Missouri*, 144 F.3d 1141, 1143–44 (8th Cir. 1998) (citation omitted). Second, courts will sometimes resolve otherwise moot controversies that are "capable of repetition, yet evading review." *United States v. Sanchez-Gomez*, 584 U.S. ---, 138 S. Ct. 1532, 1540 (2018) (quoting *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016)). Neither exception applies here.

*1. Voluntary cessation.* Plaintiffs first argue that their claims survive under the voluntary-cessation exception to mootness. Pls.' Resp. Br. at 10–12. Not so. Under that exception, a party's voluntary cessation of challenged action may not moot a challenge to that action absent a sufficient showing that the defendant will not resume the challenged action. *See, e.g.*, *Friends of the Earth, Inc. v. Laidlaw Env't Serv. (TOC), Inc.*, 528 U.S. 167, 189 (2000). The Eighth Circuit explains that the exception applies where the "defendant attempts to avoid . . . review by voluntarily ceasing allegedly illegal conduct." *Iowa Prot. & Advoc. Servs. v. Tanager, Inc.*, 427 F.3d 541, 543 (8th Cir. 2005); *accord, e.g.*, *Teague v. Cooper*, 720 F.3d 973, 978 (8th Cir. 2013) (exception did not apply where legislature was not "seeking to moot a case" with change in the law (citation omitted)). The exception "traces to the

---

all related restrictions "lost their life during the course of th[e] litigation"), *cert. denied*, 143 S. Ct. 574 (2023); *Resurrection Sch. v. Hertel*, 35 F.4th 524, 530 (6th Cir. 2022) (instructing lower court to dismiss as moot challenge to a rescinded state mask mandate), *cert. denied*, 143 S. Ct. 372 (2022); *Clark*, 53 F.4th at 776 (dismissing as moot challenge to withdrawn state stay-at-home orders and restrictions on in-person gatherings, explaining that the court could grant "no effectual relief" given that the policies' withdrawal gave the plaintiffs "the very relief sought" (citation omitted)); *Eden, LLC v. Justice*, 36 F.4th 166, 172 (4th Cir. 2022) (instructing lower court to dismiss as moot challenges to rescinded state executive orders limiting the size of certain gatherings); *Brach v. Newsom*, 38 F.4th 6, 15 (9th Cir. 2022) (en banc) (instructing lower court to dismiss as moot challenge to a rescinded state executive order that had restricted in-school learning), *cert. denied*, 143 S. Ct. 854 (2023).

principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior." *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001); *see also Friends of the Earth*, 528 U.S. at 189 (exception is to prevent party from temporarily ceasing challenged action and then "return[ing] to his old ways") (citation omitted).

This case does not fall in the voluntary-cessation exception to mootness because the litigation-posturing concerns animating the exception are not here. First, the government has an easier time satisfying this test than other litigants, *Prowse*, 984 F.3d at 702-03, because courts treat the government's cessation of challenged conduct "with more solicitude . . . than similar action by private parties," *Hanrahan v. Mohr*, 905 F.3d 947, 961 (6th Cir. 2018) (citation omitted). That is because courts presume that governmental actors "act in good faith," *U.S. Navy SEALs 1–26*, 72 F.4th at 674 (citation omitted), and "government self-correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine," *Hanrahan*, 905 F.3d at 961.

Second, there is no evidence of gamesmanship on behalf of the government. *See, e.g. Already, LLC*, 568 U.S. at 91 (explaining that the voluntary-cessation exception ensures that a defendant cannot evade judicial review by stopping questionable behavior "to have the case declared moot" just to "pick up where he left off . . . until he achieves all his" ends); *Resurrection Sch.*, 35 F.4th at 529–30 (rejecting the plaintiffs' reliance on the voluntary-cessation exception because, *inter alia*, there was a "lack of gamesmanship on the State's part"); *U.S. Navy SEALs 1–26*, 72 F.4th at 674 (refusing to apply the voluntary-cessation exception where there were no "suspicions of litigation posturing" or "signs of [ ] gamesmanship" (citation omitted)); *Bos. Bit Labs, Inc. v Baker*, 11 F.4th 3, 10 (1st Cir. 2021) ("For openers, we question whether this case raises the kind of litigation-scheming suspicions typically associated with defendant-initiated mootness. . . . [C]ircumstances suggest that Governor Baker" rescinded the COVID-19–related policies "not to avoid a court judgment, but in response to the progress made in battling the pandemic."). The President revoked Executive Order 14042 "not

11

in response to this lawsuit, but [eighteen] months later"—"along with several other pandemic-related orders" like the COVID-19 public health emergency—in response to dramatic changes in public-health conditions. *See Resurrection Sch.*, 35 F.4th at 529. The timing and circumstances of EO 14042's rescission thus raise no "suspicions that its cessation was not genuine" or was the product of "gamesmanship." *See id.* at 529–30 (cleaned up).

Third, there is no reasonable expectation that the federal government will reimpose a policy substantially similar to EO 14042 in the foreseeable future, especially given the dramatic change in circumstances since the President issued that order. Plaintiffs' speculation that the President would sign an "identical" EO at some point in the future is plainly insufficient to overcome Defendants' clear showing that the voluntary-cessation exception is inapplicable.[7] Pls.' Resp. Br. at 11. *See Resurrection Sch.*, 35 F.4th at 529–30 (finding that, because "the relevant circumstances ha[d] changed dramatically since" the state defendants had imposed their mask mandate, there was no reasonable possibility that they would reimpose a similar mandate); *Eden*, 36 F.4th at 171 (similar).

When the President issued EO 14042, the country was in an "acute phase of the COVID-19 pandemic," when a "highly contagious . . . variant was the predominant variant of the [SARS-CoV-2] virus in the United States and had led to a rapid rise in cases and hospitalizations." EO 14099 § 1, 88 Fed. Reg. at 30,891. But the situation today differs markedly from September 2021. As of May 2023, nearly 270 million Americans have received at least one shot of the COVID-19 vaccine, COVID-19 deaths have declined by 93%, and hospitalizations are down 86%. *Id.* Moreover, the American "healthcare system and public health resources throughout the country are now better able to respond to any potential surge of COVID-19 cases without significantly affecting access to

---

[7] Plaintiffs rely heavily on *Parents Involved in Community. Schools v. Seattle School District No. 1*, 551 U.S. 701, 719 (2007), but in that case, the school district merely "ceased" applying the challenged policy "pending the outcome of th[e] litigation," *id.* As established above, however, EO 14042 was not paused only during the litigation but rather fully revoked in light of improved public health conditions.

resources or care," and "public health experts have issued guidance that allows individuals to understand mitigation measures to protect themselves and those around them." *Id.* Accordingly, the Administration and the country are now "in a different phase of [their] response to COVID-19." *See* The White House, *The Biden-Harris Administration Will End COVID-19 Vaccination Requirements for Federal Employees, Contractors, International Travelers, Head Start Educators, and CMS-Certified Facilities* (May 1, 2023), https://perma.cc/93DS-N47L. The prospect that the federal government will reimpose Executive Order 14042 is thus exceedingly remote—and hardly can be reasonably expected.

    *2. Capable of repetition yet evading review.* Nor does this case satisfy the exception for cases that are "capable of repetition, yet evading review." *Sanchez-Gomez,* 138 S. Ct. at 1540. "The capable of repetition yet evading review rule is an extraordinary and narrow exception to the mootness doctrine." *Randolph v. Rodgers,* 170 F.3d 850, 856 n.7 (8th Cir.1999). This exception applies only "in exceptional situations, where . . . (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Hickman,* 144 F.3d at 1142–43 (alterations omitted) (quoting *Spencer v. Kemna,* 523 U.S. 1, 17 (1998)). Plaintiffs, as the parties asserting jurisdiction, "bear[] the burden of showing the presence of both requirements." *Abdurrahman v. Dayton*, 903 F.3d 813, 817 (8th Cir. 2018). They cannot show either.

    Most obviously, as noted above, there is no "reasonable expectation" that Plaintiffs will be "subject to the same action again[.]" *Hickman,* 144 F.3d at 1143 (quoting *Spencer*, 523 U.S. at 17). "To raise a reasonable expectation, [plaintiff] must show a demonstrated probability of recurrence; a theoretical possibility is insufficient." *Beck ex rel. Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 606 (8th Cir. 1994). But, given the nation's vastly improved ability to mitigate the effects of the COVID-19 virus, there is no reasonable expectation that Plaintiffs will be subject to the same action again. "'[A] mere physical or theoretical possibility' is insufficient to meet" this prong. *Hazen*, 914

13

F.2d at 151 (quoting *Murphy v. Hunt,* 455 U.S. 478, 482 (1982)).

Nor can Plaintiffs show that the challenged activity is inherently too short in duration to be fully litigated prior to cessation or expiration. *Hickman*, 144 F.3d at 1142–43. Should Plaintiffs somehow be subject to the same EO in the future, the procedural history of other challenges to the same EO indicates that Plaintiffs' claims may be fully litigated. For example, District courts in Georgia and Kentucky both issued preliminary injunctions against EO 14042, and both the Eleventh and Sixth Circuits partially affirmed those decisions on the government's appeals well before the government revoked EO 14042. *Georgia*, 46 F.4th at 1308; *Kentucky v. Biden*, 57 F.4th 545 (6th Cir. 2023). Indeed, the Eleventh Circuit issued its decision almost a year before the EO was revoked. *Georgia*, 46 F.4th 1283. Given "the availability of judicial processes such as preliminary injunctions, emergency stays, and expedited appeals," there is "no reason why" any challenge to a future EO could not be fully litigated in time. *Craig*, 163 F.3d at 485.

Plaintiffs claim that the government's recent petition for writ of certiorari in *Biden v. Feds for Medical Freedom*, No. 23-60 (July 21, 2023), somehow demonstrates that this lawsuit is capable of repetition yet evading review. Pls.' Resp. Br. at 13–14. But the government's petition there is of no help to Plaintiffs. In that case, the district court issued a preliminary injunction against a *different* executive order, and the government argued in its petition that "government's appeal from that injunction *became moot* when the President revoked EO 14,043." Pet. For Certiorari at 13 (emphasis added), *Feds for Medical Freedom.* The government's petition merely requested vacatur of the underlying decisions under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), which is appropriate when a case that would otherwise merit the Supreme Court's review becomes moot "while on its way [to the Supreme Court] or pending [a] decision on the merits," *id.* at 39. The government's vacatur request in *Feds for Medical Freedom* does not illustrate that Defendants are fighting to "retain the power" to "re-institute their challenged actions at a later date," Pls.' Resp. Br. at 13. Nor does it

show that "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again[.]" *Hickman*, 144 F.3d at 1142–43 (quoting *Spencer*, 523 U.S. at 17).  Rather, the petition simply asks the Court to follow the "established practice" to ensure that no party is "prejudiced by a [lower-court] decision" and "prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." *Munsingwear*, 340 U.S. at 40–41.

## CONCLUSION

For the foregoing reasons, the Court should dismiss this case as moot.

Dated: September 15, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRAD P. ROSENBERG
Special Counsel

/s/ Zachary A. Avallone
VINITA B. ANDRAPALLIYAL
ZACHARY A. AVALLONE
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-2705
Email: zachary.a.avallone@usdoj.gov

Counsel for Defendants