**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:21CV1300-JSD |
| | ) |
| JOSEPH R. BIDEN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

In January 2020 the Secretary of Health and Human Services declared a public health emergency regarding SARS-CoV-2, a highly transmittable virus that causes COVID-19, and shortly thereafter, the President declared the COVID-19 outbreak a national emergency. In September 2021, by executive order and related agency action, the President of the United States and other federal Executive Branch officials sought to contractually obligate all federal contractors and subcontractors to ensure their employees were fully vaccinated against COVID-19 by issuing Ensuring Adequate COVID Safety Protocols for Federal Contractors. *See* Executive Order 14042, 86 Fed. Reg. 50,985 (Sept. 9, 2021) (hereinafter EO 14042).

Plaintiffs filed this lawsuit on October 29, 2021, challenging the issuance and implementation of EO 14042. (Complaint ("Compl."), ECF No. 1) Plaintiffs sought declaratory and prospective injunctive relief from the "COVID-19 vaccine mandate on federal contractors," which, according to Plaintiffs, comprised Executive Order 14042 and three documents promulgated to implement that order—(i) the Task Force's workplace safety guidance for federal contractors; (ii) the Acting Director of OMB's determination that adherence to the Task Force's guidance would promote economy and efficiency in federal contracting; and (iii) the Federal

Acquisition Regulatory ("FAR") Council's memorandum providing initial guidance for incorporating COVID-19 safety clauses in federal contracts. *See* Compl., Prayer for Relief. On November 4, 2021, Plaintiffs filed a motion for a preliminary injunction, seeking to prevent the federal government from enforcing EO 14042 and its implementing guidance. (ECF No. 8)

Similar to other districts and circuits,[1] this Court preliminarily enjoined the federal officials from enforcing the contractor vaccine mandate within the plaintiff States after deciding the States were likely to prevail on the merits of their claim that EO 14042 exceeded the President's authority. The federal government appealed, seeking reversal of the district court's preliminary injunction. *See* No. 22-1104, *State of Missouri, et al. v. Joseph R. Biden, Jr., et al.*, 22-1104 (8th Circuit Court of Appeals). This Court granted the parties' motion to stay proceedings pending final resolution of the appeal. (ECF No. 46)

On May 9, 2023, the President issued an executive order revoking EO 14042, to be effective on May 12, 2023. *See* Executive Order No. 14099, §§ 2, 3, 88 Fed. Reg. 30,891, 30,891 (May 15, 2012) ("Revocation EO"). The Revocation EO explained that "we no longer need . . . federally specified safety protocols for Federal contractors." *Id*. § 1. The Revocation EO further specified that "[a]gency policies adopted to implement [EO 14042] . . ., to the extent such policies are premised on th[at] order[], no longer may be enforced and shall be rescinded consistent with applicable law." *Id*. § 2.

---

[1] *Kentucky v. Biden*, 57 F.4th 545, 550 (6th Cir. 2023); *Georgia v. Biden*, 574 F. Supp. 3d 1337, 1357 (S.D. Ga. 2021), *aff'd in part and vacated in part sub nom. Georgia v. President of the U.S.*, 46 F.4th 1283, 1308 (11th Cir. 2022); *Louisiana v. Biden*, 575 F. Supp. 3d 680, 696 (W.D. La. 2021), *aff'd*, 55 F.4th 1017 (5th Cir. 2022); *Florida v. Nelson*, 576 F. Supp. 3d 1017, 1040 (M.D. Fla. 2021), *appeal dismissed sub nom. Florida v. Administrator, NASA*, No. 22-10165-AA, 2022 WL 18282863 (11th Cir. Oct. 26, 2022); *Brnovich v. Biden*, 562 F. Supp. 3d 123, 167 (D. Ariz. 2022), *rev'd sub nom. Mayes v. Biden*, 67 F.4th 921, 945–46 (9th Cir. 2023).

Based upon the foregoing, the federal officials filed an unopposed motion to voluntarily dismiss the appeal, explaining the only relief from the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit") they sought was the reversal or narrowing of the preliminary injunction barring enforcement of EO 14042. On June 7, 2023, the Eighth Circuit issued its per curium Opinion (ECF No. 60) and Judgment (ECF No. 61) The Eighth Circuit dismissed the appeal as "moot", given that it was "no longer possible to effectuate the relief requested[.]" (ECF No. 60 at 5)

On August 15, 2023, this Court entered an order asking Plaintiffs to show cause no later than August 31, 2023, as to why this case should not be dismissed in its entirety as moot, in accordance with the Eighth Circuit's Opinion and Judgment. Both sides responded and this matter is ready for disposition. (ECF Nos. 68, 70) The Court dismisses this action for lack of subject matter jurisdiction because all claims are moot.

**DISCUSSION**

"Article III of the United States Constitution provides that federal courts may adjudicate only '[c]ases' and '[c]ontroversies.'" *Prowse v. Payne*, 984 F.3d 700, 702 (8th Cir. 2021) (quoting U.S. Const. art. III, § 2). A case becomes moot, and is therefore no longer a case or controversy, "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). "To invoke the jurisdiction of this court, the litigants must present an 'actual, ongoing' controversy within the meaning of Article III of the Constitution." *Iowa Prot. & Advoc. Servs. v. Tanager, Inc.*, 427 F.3d 541, 543 (8th Cir. 2005) (citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Potter v. Norwest Mortgage, Inc.*, 329 F.3d 608, 611 (8th Cir. 2003). This controversy must exist throughout appellate review. *Deakins,* 484 U.S. at 199. The Eighth

Circuit has held that "a case becomes moot 'when changed circumstances already provide the requested relief and eliminate the need for court action.'" *Prowse*, 984 F.3d at 702 (*Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 791 (8th Cir. 2018) (cleaned up)). "[A] party loses a cognizable interest when 'changed circumstances already provide the requested relief and eliminate the need for court action.'" *Brazil v. Arkansas Dep't of Hum. Servs.*, 892 F.3d 957, 959 (8th Cir. 2018) (quoting *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004)).

More to it, "[l]awsuits may become moot when an executive officer repeals the challenged regulation." *Vanderstelt v. Biden*, No. 1:22-CV-5, 2023 WL 10947211, at *3 (W.D. Mich. Oct. 20, 2023) (citing *Davis v. Colerain Twp., Ohio*, 41 F.4th 164, 174 (6th Cir. 2022); *Thompson v. Whitmer*, No. 21-2602, 2022 WL 168395, at *3 (6th Cir. Jan. 19, 2022); *see, e.g., Resurrection Sch. v. Hertel*, 35 F.4th 524, 530 (6th Cir. 2022) (en banc) (involving a mask mandate issued and later revoked by the Michigan Department of Health and Human Services). Specific to this cause of action, other federal courts have already held that the repeal of EO 14042 and the rescinded guidance from the Task Force mooted a legal challenge to the vaccine mandate. *See, e.g., Donovan v. Vance*, 70 F.4th 1167, 1172 (9th Cir. 2023); *Missouri v. Biden*, No. 22-1104, 2023 WL 3862561, at *1 (8th Cir. June 7, 2023) (per curiam); *Hollis v. Biden*, No. 21-60910, 2023 WL 3593251, at *1 (5th Cir. May 18, 2023) (per curiam); *Vanderstelt*, 2023 WL 10947211, at *4.

Here, the circumstances have changed since Plaintiffs first filed their lawsuit. The government has withdrawn EO 14042, rescinding the requirement that federal contractors obtain the COVID vaccine as a condition of employment. Indeed, it is undisputed by the parties that this case would be moot but for the possible application of one of the exceptions to the mootness doctrine. *See* ECF No. 68 at 10 ("Plaintiffs' case is not moot because of the exceptions of the doctrine of mootness apply"). In response this Court's Show Cause Order, Plaintiffs identify two

- 4 -

exceptions to mootness, even though the relevant EO has been repealed: voluntary cessation and capable of repetition yet evading review. The Court addresses both of those exceptions in turn.

### A. Voluntary Cessation

"It is well-settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal quotations omitted); *Iowa Prot. & Advoc. Servs. v. Tanager, Inc.*, 427 F.3d 541, 543 (8th Cir. 2005) (under voluntary cession a "defendant attempts to avoid appellate review by voluntarily ceasing allegedly illegal conduct"). "[I]f it did, the courts would be compelled to leave '[t]he defendant ... free to return to his old ways.'" *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982) (citing *United States v. W.T. Grant Co.,* 345 U.S. 629, 632 (1953)); *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 (2001) ("But that rule traces to the principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior.").

Plaintiffs contend that this case is not moot because Defendants voluntarily ceased the challenged activity. Plaintiffs contend that Defendants have made "no assurances that they will not reinstate an identical unconstitutional and unlawful EO or guidance if the number of COVID-19 cases increases, a new variant emerges, or some other event occurs that Defendants deem appropriate to support such a regulation. (ECF No. 68 at 10).

The Court holds that the voluntary cessation exception to mootness does not apply in this instance. First, there is no evidence of litigation posturing on the part of the government and its policy change. Here, the administration did not justify the change in course on the outcome of litigation, but on the change in circumstances concerning the risk of COVID-19 infections and the

public's health. Moreover, the "cessation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties, as government self-correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine." *Hanrahan v. Mohr*, 905 F.3d 947, 961 (6th Cir. 2018) (internal citations omitted).

Second, the parties have provided no evidence that the government's change in policy is motivated by gamesmanship, rather than a true change in circumstances. That is, Defendants have engaged in no behavior indicating that they intend to "stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until [they] achieves all [their] unlawful ends." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). Here, the President revoked EO 14042 "not in response to this lawsuit, but [eighteen] months later, along with several other pandemic-related orders." *Resurrection Sch. v. Hertel*, 35 F.4th 524, 529 (6th Cir.), *cert. denied*, 143 S. Ct. 372, 214 L. Ed. 2d 181 (2022). Thus, the Court holds that the timing and circumstances of the recission of EO 14042 raises no suspicions that its cession was not "genuine." *Resurrection Sch.*, 35 F.4th at 529 (citing *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 769 (6th Cir. 2019)).

Third, there is no expectation that the federal government will reinstate EO 14042 or a substantially similar policy in the foreseeable future, given the change in circumstances since the President issued EO 14042 and since this lawsuit began. As stated, the President issued EO 14042 when the United States was in an "acute phase of the COVID-19 pandemic," when a "highly contagious . . . variant was the predominant variant of the [SARS-CoV-2] virus in the United States and had led to a rapid rise in cases and hospitalizations." EO 14099 § 1, 88 Fed. Reg. at 30,891. According to the CDC, "[d]espite periodic episodes of high transmission, severe outcomes from COVID-19 have substantially *decreased* since 2020 and 2021. Hospital admissions in the U.S. for

COVID-19 have decreased by more than 60% from their peak in 2021, dropping from over 2.5 million that year to around 900,000 total in 2023." *See* https://www.cdc.gov/ncird/whats-new/changing-threat-covid-19.html (last visited May 17, 2024). Likewise, the decline in deaths associated with COVID-19 is even more dramatic than the drop in hospitalizations. "In 2021, over 450,000 deaths among Americans were associated with COVID-19, while in 2023, that number fell to roughly 75,000. This represents an 83% decrease since early in the pandemic." *Id*. Accordingly, the Administration and the country are now "in a different phase of [their] response to COVID-19." *See* The White House, The Biden-Harris Administration Will End COVID-19 Vaccination Requirements for Federal Employees, Contractors, International Travelers, Head Start Educators, and CMS-Certified Facilities (May 1, 2023), https://perma.cc/93DS-N47L. The "mere power to reenact a challenged law is not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists." *Nat'l Black Police Ass'n v. Dist. of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997) (collecting circuit court cases). Speculation about a possible future pandemic or even speculation about a resurgence in COVID-19 infections does not alter the conclusion that this lawsuit is moot. *See Thompson v. DeWine*, 7 F.4th 521, 526 (6th Cir. 2021). "[T]he theoretical possibility of reversion to an allegedly unconstitutional policy is simply not sufficient to warrant an exception to mootness ...." *Thomas v. City of Memphis, Tennessee*, 996 F.3d 318, 328 (6th Cir. 2021); *Vanderstelt v. Biden*, No. 1:22-CV-5, 2023 WL 10947211, at *3 (W.D. Mich. Oct. 20, 2023). That is, the Court finds that EO 14042 was ceased not because of the pending litigation, but because of the real and sustained improved public health conditions. Thus, the Court holds that no reasonable prospect exists that the government will resume enforcing the same policy challenged here, and the voluntary cessation exception does not apply.

## B. Capable of Repetition yet Evading Review

The "capable-of -repetition-yet-evading-review" exception to the mootness doctrine applies "'where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again[.]'" *Hickman v. State of Mo.*, 144 F.3d 1141, 1142–43 (8th Cir. 1998) (quoting *Spencer v. Kemna,* 523 U.S. 1, 17 (1998)); *Weinstein v.Bradford*, 423 U.S. 147, 149 (1975) (noting that "the 'capable of repetition, yet evading review' doctrine was limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again")).

Plaintiffs argue that their claims remain justiciable because Defendants' actions are capable of repetition and otherwise would evade judicial review. (ECF No. 68 at 12 (citing *Honig v. Doe*, 484 U.S. 305, 318 (1988) ("we have jurisdiction if there is a reasonable likelihood that respondents will again suffer the deprivation of EHA-mandated rights that gave rise to this suit"). Plaintiffs argue that "[g]iven the fluid and ever-changing effects of COVID-19 and Defendants' assertion of executive authority to control behavior on this issue, Defendants could, without warning, over and over again impose and again remove identical vaccine requirements." (ECF No. 68 at 13). Indeed, Plaintiffs note that Defendants filed a Petition for Certiorari asking the Supreme Court to vacate the Fifth Circuit's decision affirming the preliminary injunction. (ECF No. 68 at 13 (citing Petition for Certiorari, *Joseph R. Biden Jr. v. Feds for Med. Freedom*, No. 23-60 (Jul. 21, 2023)). Plaintiffs argue Defendants' legal maneuvering is indicative of them "fighting tooth and nail to retain the power" to reinstate COVID-19 vaccination requirements. *Id*.

The Court finds that "there is no demonstrated probability" that such a policy, similar to the one at issue, will be in effect again. *Weinstein*, 423 U.S. at 149. As previously detailed, the Court finds no "reasonable expectation" that Plaintiffs will be "subject to the same action again[.]" *Hickman v. State of Mo.*, 144 F.3d 1141, 1143 (8th Cir. 1998) (citing *Spencer v. Kemna,* 523 U.S. 1, 17 (1998). Given the dramatically improved statistics of COVID-19 infections and deaths, Plaintiffs have not been able to show anything beyond a hypothetical possibility that another, similar executive order requiring federal contractors to obtain vaccines will be enacted. *See State of S.D. v. Hazen*, 914 F.2d 147, 151 (8th Cir. 1990) (quoting *Murphy v. Hunt,* 455 U.S. 478, 482 (1982) ("'a mere physical or theoretical possibility,' is insufficient").

Further, Plaintiffs cannot show that the challenged activity is too short in duration to allow judicial review. If a similar EO is enacted in the future, Plaintiffs cannot show that they would be unable to fully litigate their challenge to the vaccine requirement. As noted by Defendants, District Courts in Georgia and Kentucky both issued preliminary injunctions against EO 14042, and both the Eleventh and Sixth Circuits partially affirmed the District Court's decisions on the government's appeals before EO 14042 was revoked. *See Georgia v. President of the United States*, 46 F.4th 1283, 1308 (11th Cir. 2022) (decision issued almost a year before EO 14042 was revoked); *Commonwealth v. Biden*, 57 F.4th 545, 557 (6th Cir. 2023); *see also Missouri ex rel. Nixon v. Craig*, 163 F.3d 482, 485 (8th Cir. 1998) (noting "no apparently reason why" a case could not be fully litigated before it became moot, given "the availability of judicial processes such as preliminary injunctions, emergency stays, and expedited appeals in reaching this decision"). Thus, given the effective and expedited writ and appellate tools available to litigants, the Court finds review of such a time-sensitive issue is available.

Finally, Plaintiffs claim that the government's recent petition for writ of certiorari in *Biden v. Feds for Medical Freedom*, No. 23-60 (July 21, 2023), somehow demonstrates that this lawsuit is capable of repetition yet evading review. (ECF No. 68 at 13–14). This Court, however, finds that appeal does not support Plaintiffs' position here. Initially, *Biden v. Feds for Medical Freedom* relates to a district court preliminary injunction against EO 14043—not 1402—where the government argued that its appeal from that injunction became moot when the President revoked EO 14043. *See* https://www.supremecourt.gov/DocketPDF/23/23-60/272571/20230721144618493_Biden%20v.%20Feds%20for%20Med.%20Freedom.pdf, Petition for Certiori at 13 (arguing "The nationwide preliminary injunction issued by the district court and the government's appeal from that injunction became moot when the President revoked EO 14,043"). In that case, the government filed the Petition for Certiori in an effort to "vacate the judgment below and remand with a direction to dismiss" under *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950). Thus, rather than "fighting tooth and nail to retain the power" to re-order vaccine mandates (ECF No. 68 at 13), the government's appeal in *Biden v. Feds for Medical Freedom* sought merely to vacate the lower court judgment in a moot case, a practice "commonly utilized in precisely this situation to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." *Munsingwear*, 340 U.S. at 41. Thus, the Court finds that this case is not capable of repetition, yet evading review.

In sum, the Court finds no exception to the mootness doctrine applies in this instance. As a result, the Court dismisses this action because it lacks subject matter jurisdiction. *See Dalton v. NPC Int'l, Inc.*, 932 F.3d 693, 696 (8th Cir. 2019) (quoting *County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464–65 (8th Cir. 2004) ("'A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent.'"); *Ali v. Cangemi*, 419 F.3d

722, 724 (8th Cir. 2005) (en banc) ("If an issue is moot in the Article III sense, we have no discretion and must dismiss [it] for lack of jurisdiction.").

Accordingly,

**IT IS HEREBY ORDERED** that this lawsuit is **DISMISSED** for lack of subject matter jurisdiction.

An appropriate judgment accompanies this Memorandum and Order.

                                                           JOSEPH S. DUEKER
                                                         UNITED STATES MAGISTRATE JUDGE

Dated this 23nd day of May, 2024.